IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

* * * * * * * * *

DARREN WILLIAM SADLIER,     )
                            )    No. 2:97-CV-0527J
       Plaintiff,     )
                            )
v.                         )    **ORDER**
                            )
HON. LYNN PAYNE, KENNETH R.   )
WALLENTINE, and JOHN C. BEASLIN,  )
                            )
       Defendants.    )

* * * * * * * * *

On August 26, 1997, the Court dismissed the plaintiff's Complaint with prejudice. See Sadlier v. Payne, 974 F. Supp. 1411 (D. Utah 1997). Several days later, the defendant, A. Lynn Payne, notified the plaintiff, Darren Sadlier (who was appearing *pro se*), of defendant's intention to file a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure. This notification, which took place on September 3, 1997, was intended to satisfy the notice requirement of Rule 11's "safe harbor" provision. See Fed. R. Civ. P. 11 (c) (1) (A). On October 29, 1997, the defendant filed his Motion for Rule 11 Sanctions with the Court.

One of the purposes of the "safe harbor" provision of Rule 11, is to allow a party to correct an alleged violation and escape sanctions by, among other things, withdrawing the offending claim or complaint. See Fed. R. Civ. P. 11 advisory committee notes (1993 Amendments) ("If, during this period, the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention, the [sanctions] motion should not be filed with the court."). Under this "safe harbor," a party will not be subject to sanctions

unless it refuses to withdraw or correct the offending matter.  See id.; Fed. R. Civ. P. 11(c)(1)(A).

In this instance, the defendant neither gave notice of the sanctions motion nor filed the motion until after the Court dismissed the plaintiff's Complaint.  Thus, even if the plaintiff wished, he was not in a position to withdraw his Complaint in order to avail himself of Rule 11's "safe harbor" and avoid liability for sanctions.  Because this safe harbor is mandatory, see Aerotech, Inc. v. Estes, 110 F.3d 1523, 1528 (10th Cir. 1997), it would be inappropriate to award sanctions in an action where the Court, in granting defendant's motion to dismiss and dismissing the Complaint with prejudice, in effect prevented the plaintiff from taking advantage of Rule 11's safe harbor.  See, e.g., Barber v. Miller, 146 F.3d 707, 710-11 (9th Cir. 1998) (holding that Rule 11 sanctions cannot be awarded when the motion is filed after complaint had been dismissed because it denied plaintiff the opportunity to escape sanctions).

Even in a case such as this, where there is no doubt but that the plaintiff's claims were "'not warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law,'" because the defendant's filing of the motion after dismissal defeats the purpose of the Rule 11's "safe harbor" by depriving the plaintiff of the opportunity to withdraw the offending claims, there can be no award of sanctions.  Barber, 146 F.3d at 710 (quoting Fed. R. Civ. P. 11 (b) (2)).  Therefore,

**IT IS ORDERED** that defendant's Motion for Rule 11 Sanctions is DENIED.

DATED this _29th_ day of September, 1998.

BY THE COURT:

BRUCE S. JENKINS, Senior Judge
United States District Court

2

ce

United States District Court
for the
District of Utah
September 30, 1998


* * MAILING CERTIFICATE OF CLERK * *


Re:  2:97-cv-00527



True and correct copies of the attached were mailed by the clerk to the
following:


        Darren William Sadlier
        UTAH STATE PRISON
        24689
        PO BOX 250
        DRAPER, UT  84020

        Dan R. Larsen, Esq.
        UTAH ATTORNEY GENERAL'S OFFICE
        160 E 300 S
        PO BOX 140811
        SALT LAKE CITY, UT  84114-0811
        PFAX 9,3660101

        Mr. Peter Stirba, Esq.
        STIRBA & HATHAWAY
        215 S STATE STE 1150
        SALT LAKE CITY, UT  84111
        FAX 9,3648355

        Mr. John C. Beaslin, Esq.
        185 N VERNAL AVE #1
        VERNAL, UT  84078